Thomas Bruce *et al, vs.* The State use of H. Love, surviving adm'r. of Samuel C. Love.—*June*, 1841.

The Constitution of Maryland, Art. 42, requires bond with security to be taken every year of the sheriff, and declares that no sheriff shall be qualified to act, before the same is given.

The act of 1794, ch. 54, sec. 8, prescribes the time, that the sheriff's bonds thereafter be taken, and before whom; and requires the court, or judge, &c., before whom the bond is taken, to judge of the sufficiency of the securities offered by the sheriff.

A sheriff is not qualified to act as such, nor bound to discharge the duties of his office, simply by causing a bond to be signed by himself and his securities, which has not been approved of.

Securities are never held bound beyond the true intent and meaning of their contract.

The liability of sureties in a sheriff 's bond, is only for the acts of a legally constituted sheriff.

A sheriff's bond by the act of approval, does not relate to the date of the bond. It is obligatory when approved according to the act of 1794, ch. 54.

The official bond of the sheriff, dated on the 21st December 1831, continued in force until the 1st January 1833, unless between the 8th October 1832, and the 1st January 1833, a new sheriff's bond had been made and delivered.

And where a *ca. sa.* was delivered to the sheriff on the 31st December 1832, on which day the bond of that year expired, and the bond for the succeeding year was approved and perfected, upon an issue joined as to the performance of duties from the time of making the latter bond, a question of fact is created for the decision of the jury, viz, the precise time of the delivery of the second bond, and whether the *ca. sa.* reached the sheriff's hands before or after that period.

Appeal from *Prince George's* County Court.

This was an action of *debt,* brought on the 7th January 1837, by the appellee against the appellants, on the official bond of *Thomas Bruce,* sheriff of *Prince George's* county, dated 31st December 1832. The bond was approved by Key, A. J., on the 7th February 1833, and enrolled the next day. The plaintiff's breach of the condition of the bond, was assigned in the replication, and alleged, that *Richard Peach* and *H. Love,* as the administrators of *Samuel C. Love,* recovered judgment for, &c., against *Thomas Baldwin,* late of said county; that on the 31st December 1832, the said *H. L.,* as the surviving admin-

istrator of *S. C. L.*, prosecuted out of the said court, a writ of *ca. sa.* to the sheriff of *Prince George's* county, by which, &c., returnable on the first Monday of *April* 1833, to satisfy, &c., that the said writ was afterwards, to wit, on the 31st December 1832, the said *Thomas Bruce* being then sheriff of *Prince George's,* duly elected, qualified and commissioned, delivered to him to be executed, that he took and arrested the said *Thomas Baldwin*, and so returned the said writ. The replication then proceeded to set out the sheriff's default in not producing the defendant when called, and his final amercement for that default.

The appellants in the county court, denied the breach generally by a plea, alleging, that the said *Thomas Bruce,* in the condition of the said writing obligatory mentioned, hath well and truly observed, performed and kept, all and singular the matters and things in the condition of the said writing obligatory, contained and mentioned, which he, according to the force, form and effect of the same condition, ought to have observed, performed, &c., from the time of making said writing obligatory, hitherto as they have in their replication alleged, &c. On this rejoinder the plaintiff joined issue.

FIRST EXCEPTION.—At the trial of this cause, the plaintiff to maintain the issue joined on his part, proved the rendition of the judgment, the issuing of the *capias ad satisfaciendum,* and the judgment of default against said *Bruce,* as alleged in the replication.

The defendants then proved, that the said *Bruce,* as sheriff of said county, gave an official bond, bearing date the 21st of December 1831, approved and enrolled 23rd day of December 1831.

And insisted, that said bond was in force on the 31st December 1832, when the said process of *capias ad satisfaciendum,* was delivered to said *Bruce,* as alleged in the said replication, and that the suit should have been brought upon that bond; and that the suit was improperly brought upon the bond sued on in the present case; but the court, (STEPHEN, C. J., and KEY, A. J.,) were of opinion and so decided, that the

bond dated on the 21st December 1831, was not in force on the 31st December 1832, when the process in this case was placed in the hands of said *Bruce* as sheriff.   The defendants excepted.

SECOND EXCEPTION.—In addition to the proof offered in the preceding exceptions, which by agreement is made a part of this exception, the defendants offered in evidence an act of the *General Assembly of Maryland,* passed at December session 1832, and passed on the 19th day of January 1833, ch. 10.   An act to authorise *Thomas Bruce,* the present sheriff of *Prince George's* county, to bond as sheriff of said county, at any time before the tenth day of February next, and to authorise the clerk of said county to receive and record said bond.

Section 1. Be it enacted by the General Assembly of Maryland, That *Thomas Bruce,* esquire, the present sheriff of *Prince George's* county, be and he is hereby authorised to bond as sheriff of said county, at any time before the 10th day of February next, provided the said bond shall be approved and attested according to law.

Section 2. And be it enacted, That the clerk of *Prince George's* county court, be and he is hereby authorised and required to receive and record the bond referred to in the preceding section, providing the same be in all respects in conformity with the provisions of the existing law upon the subject of sheriff's bonds.

And then proved, that the bond upon which this suit is brought, was brought to *Judge Key,* a few days after the time had expired within which said *Bruce* could bond as sheriff as aforesaid; and that said *Key* was then requested by *Bruce* to approve said bond, *Bruce* assigning as a reason, that as said bond had been signed and sealed on the 31st December 1832, he thought that *Judge Key* ought to approve of it; that said *Key* then refused to approve said bond on the ground, that the time limited by law for its approval had expired, and that the said bond was afterwards acknowledged and approved, under and by virtue of the authority contained in the said act of As-

·sembly, on the 7th day of February 1833, and delivered in the clerk's office on the 8th day of February 1833, and then prayed the court to instruct the jury, that the bond upon which this suit is brought, was not in force on the 31st day of December 1832, and that if the jury should believe, that the process of *capias ad satisfaciendum* did issue, and was delivered to the said *Bruce* on the said 31st December 1832, then that the suit in this case cannot be maintained; but the court were of opinion, that although the bond was acknowledged and approved on the 7th February 1833, that after approval it had relation back to the day of its date, and was in force on the 31st December 1832, and consequently was liable for the said default, from which opinion of the court, and their refusal to grant the defendant's prayer, the defendants excepted.

The verdict and judgment below being against the said *Thomas Bruce,* and his securities, they brought the present appeal.

The cause was argued before ARCHER, DORSEY, and CHAMBERS, J.

By PRATT for the appellants, and
By T. F. Bowie for the appellees.

DORSEY, J., delivered the opinion of the court.

The appellee contends, that a sheriff's bond operates from its date; that although its delivery to the court, judge or justices, to judge of the sufficiency of the securities, be long subsequent to its date, the moment the sufficiency of the securities is recognized by the appropriate authority, the bond relates back to its date, and binds the sheriff and his securities, for all his defaults, subsequent to that period. That the old doctrine of bonds, taking effect from their delivery or acceptance, has been exploded by this court, as to official bonds, and the case of *Young and al, vs. The State,* 7 *Gill & John.* 253, has been referred to as establishing these novel propositions. We have examined that case with some care, and find in it nothing which gives countenance to the views of the appellee.

If any inference upon the subject can be drawn from that case, it is adverse to that which has been deduced by the appellee. The Constitution of *Maryland, Art.* 42, requires bond with security to be taken every year of the sheriff, and declares that no sheriff shall be qualified to act before the same is given. And the act of 1794, ch. 54, sec. 8, prescribes the time that the sheriff's bonds thereafter be taken, and before whom; and requires the court or judge, &c., before whom the bond is taken, to judge of the sufficiency of the securities offered by the sheriff. Under such enactments we presume it will not be contended, that a sheriff is qualified to act as such; is bound to discharge the duties of his office, simply by causing a bond to be signed by himself and his securities, which has never been before the tribunal appointed by law, to judge of the sufficiency of the securities, and in whose presence the bond is directed to be taken. If not, upon what principle of reason, law or justice, can a sheriff's bond have the retrospective operation ascribed to it. No principle of law is better established, than that securities are never held bound beyond the true intent and meaning of their contract. What was the responsibility designed to be imposed on them, and which they contemplated assuming by the execution of the bond? A liability for the acts of a legally constituted sheriff, for his performance of duties enjoined by the laws; not a liability for him, whom the Constitution declares without authority to act, on whom no official duties are imposed. If this doctrine of relation were sustained, it would follow, that if a new sheriff's bond were dated on the 9th of October, and not sanctioned by the authority before whom it is to be taken until the 31st of the following December, that all official acts of the preceding sheriff during the intervening period, would be null and void; or that during that period, we had two sheriffs responsible for the faithful discharge of the duties of the office. By such a construction, the securities of the new sheriff would be held answerable for the performance of the duties incident to the sheriffalty, nearly three months before he, for whom they had become bound, was competent legally, to exercise the functions of the

office. The statement of the consequences resulting from the principle, contended for by the appellee, is all that is necessary to its refutation. For the appellees asserted a general principle of law, that every bond after execution and delivery, takes effect from *its* date, and has relation back to that time, no authority has been referred to, and we believe for the best of reasons. The rejoinder on which issue was taken, from the time of making the said writing obligatory is, that the appellants had performed all things in the condition of the bond to be performed, which according to the force, form and effect of said condition, ought to have been performed. When was the bond in question perfected and obligatory on the obligors, or in other words, when was it made, is a material matter; and to be determined by the jury under the directions of the court, in their finding on the issue joined in the cause. The appellants had pleaded performance from that time only. In the opinion of this court, the bond is made, it is the obligatory act of the signers when being signed, it is presented to the court or judge, &c., and the securities are adjudged sufficient, according to the act of 1794, ch. 54, sec. 8. From that moment it is the operative act and deed of the parties, and not before. But in considering the *first* bill of exceptions, we will assume, that the bond of the sheriff was consummated by all the solemnities requisite to its validity, on the 31st of December 1832? Can the court's opinion appealed from, be sustained on this hypothesis? The bond of the sheriff for the preceding year, continued in force until the first of January 1833, unless between that day and the 8th day of the antecedent October, a new sheriff's bond had been given. It was therefore in full force and operation, and the sheriff was competent to act under it, at any time during the day of the 31st of December 1832, until the new bond of that date was given. If then the *ca. sa.* before us, came into the sheriff's hands on the 31st of December 1832, before the new bond was perfected, for the default complained of, the bond of 1831, and not that of 1832, was responsible. The precise hour of the day when the new bond became available, by its securities being judged

sufficient, was a matter of fact to be found by the jury, as was also that of the delivery of the writ to the sheriff. The court below.therefore erred in deciding those matters, as they must have done when they decided, that the bond dated on the 21st December of 1831, was not in force on the 31st of December 1832, when the process in this cause was placed in the hands of said *Bruce* as sheriff. For the reasons before expressed, we think the county court erred in not granting the appellants prayer, in the *second* bill of exceptions, and in their opinion therein set forth.

Dissenting from the opinion of the court below contained in both bills of exceptions, and from their refusal to grant the defendant's prayer in the second bill of exceptions, we reverse their judgment.

LET A PROCEDENDO ISSUE.